# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRANDYN GAYLER, | Case No. 2:14-cv-769-APG-CWH |
| Plaintiff, | **Order** |
| v. | |
| HIGH DESERT STATE PRISON et al., | |
| Defendants. | |

I.    **DISCUSSION**

On July 7, 2014, this Court entered a screening order and stayed the case for 90 days to give the parties an opportunity to settle their dispute. (Dkt. #6). On October 23, 2014, Defendants filed a status report indicating that the parties had not reached a settlement and that Defendants intended to proceed with the action. (Dkt. #13).

On October 24, 2014, Plaintiff, *pro se*, filed a motion to certify a class. (Dkt. #14). Plaintiff asserts that if a class-action is too complex for him to handle *pro se* then the Court should appoint counsel. (*Id.* at 10).

*Pro se* litigants have the right to plead and conduct their own cases personally. *See* 28 U.S.C. § 1654. However, *pro se* litigants have no authority to represent anyone other than themselves. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for

indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

The Court denies the motion to certify a class. First, Plaintiff, who is *pro se*, may not represent anyone but himself in this litigation. Second, the Court does not find exceptional circumstances in Plaintiff's case that would warrant the appointment of counsel in Plaintiff's individual case. As such, the Court denies Plaintiff's motion to certify a class and appoint counsel at this time.

## II. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion to certify a class (Dkt. #14) is denied.

DATED this 3rd day of November, 2014.

_____
United States District Judge