1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**DISTRICT OF NEVADA**

9  BRANDYN GAYLER,                    )
                                      )   Case No.  2:14-cv-00769-APG-CWH
10                    Plaintiff,      )
                                      )   **ORDER**
11  vs.                               )
                                      )
12  HIGH DESERT PRISON, *et al.*,     )
                                      )
                      Defendants.     )
13  _____  )

14        Before the Court is Plaintiff Brandyn Gayler's ("Plaintiff") Motion for Discovery and

15  Admissions (doc. # 27), filed March 9, 2015, and Defendants James G. Cox, Jerry Howell, Jennifer

16  Nash, and Dwight Neven's ("Defendants") Response (doc. # 31), filed March 26, 2015.  Plaintiff did

17  not file a reply.  Also before the Court is Defendants' unopposed Motion to Strike Response (doc.

18  # 29), filed March 24, 2015.

19                              **BACKGROUND**

20        Plaintiff, proceeding pro se and in forma pauperis, is a prisoner in the custody of the Nevada

21  Department of Corrections and currently incarcerated at the High Desert State Prison.  On July 7,

22  2014, the Court entered a screening order finding that Plaintiff had pled sufficient facts to support his

23  Equal Protection Clause claim.  See Doc. # 6; see also Doc. # 19.  Defendants filed an answer to

24  Plaintiff's complaint on December 23, 2014.  See Doc. # 21.  Thereafter, this Court entered a

25  scheduling order governing discovery in the instant case.  See Doc. # 22.

26                              **DISCUSSION**

27  **1.        Motion for Discovery and Admissions (doc. # 27)**

28        Plaintiff moves the Court to compel Defendants to produce various documents pursuant to

Rule 34 of the Federal Rules of Civil Procedure ("FRCP").  Plaintiff also moves the Court to compel Defendants to respond to interrogatories pursuant to Rule 33 of the FRCP.

Defendants, in response, ask the Court to deny Plaintiff's motion, claiming Plaintiff failed to satisfy the "meet and confer" requirements set forth in Local Rule 26-7 and Rule 37 of the FRCP. Defendants further point out that Plaintiff's motion is moot in light of current, ongoing discovery. Plaintiff did not reply to Defendants' opposition.

Because Defendants have established the mootness of Plaintiff's request, and Plaintiff has failed to rebut that showing, this Court denies the instant motion as moot.

**2.     Motion to Strike Response (doc. # 29)**

Defendants move to strike doc. # 26, claiming Plaintiff couched doc. # 26 as a "motion" requesting leave to file a response to Defendants' answer, when the content of the "motion" reveals that it is actually a response to Defendants' answer.  Because the Court did not order Plaintiff to file a reply to Defendants' answer, Defendants ask the Court to strike the document from the record.

Under Rule 7 of the FRCP, Plaintiff can file a reply to an answer only "if the court orders one." Fed. R. Civ. P. 7(a)(7).  A review of doc. # 26 reveals that it is not a motion but a reply to Defendants' answer.  However, even if this Court were to construe doc. # 26 as a motion to file a reply to Defendants' answer, Plaintiff fails to show why this Court should grant him leave to file a reply. Because the Court did not order Plaintiff to file a reply, this Court grants Defendants' motion and directs the Clerk of Court to strike doc. # 26 from the record.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Discovery and Admissions (doc. # 27) is **denied as moot.**

**IT IS FURTHER ORDERED** that  Defendants' unopposed Motion to Strike Response (doc. # 29) is **granted**.  The Clerk of Court is directed to strike doc. # 26 from the record.

DATED: April 21, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

2