UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDYN GAYLER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HIGH DESERT STATE PRISON, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:14-cv-00769-APG-CWH<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, (2) DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (3) DENYING AS MOOT THE DEFENDANTS' MOTION TO STRIKE, (4) SETTING A NEW BRIEFING SCHEDULE, AND (5) REFERRING THE CASE TO THE PILOT PRO BONO PROGRAM**<br><br>(Dkt. #35, #40, #42) |

Plaintiff Brandyn Gayler is incarcerated at High Desert State Prison ("HDSP"). He brought this civil rights lawsuit against defendants HDSP, Nevada Department of Corrections ("NDOC") director James Cox, HDSP Warden D.W. Nevens, HDSP Assistant Warden J. Nash, and HDSP Assistant Warden J. Howell. (Dkt. #6; Dkt. #19.) Gayler alleges an equal protection violation based on disparate job, program, and rehabilitation opportunities offered to protective segregation unit ("P-Seg") inmates at HDSP as compared to similar inmates at other facilities in Nevada, such as Lovelock Correctional Center ("LCC"), Northern Nevada Correctional Center ("NNCC"), or Warm Springs Correctional Center ("WSCC"). (Dkt. #6 at 3-6.) Gayler contends HDSP P-Seg inmates are denied the opportunity to earn good time credits or to participate in programs that may affect parole decisions because fewer jobs and programs are available to them at HDSP as compared to those available at LCC, NNCC, and WSCC. (*Id.*)

Defendants move for summary judgment, arguing the Eleventh Amendment bars Gayler's claim against HDSP. I grant this portion of the defendants' summary judgment motion because States and entities that are "arms of the State for Eleventh Amendment purposes" are not

"persons" within the meaning of 42 U.S.C. § 1983. *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). HDSP is an institution within NDOC, and NDOC is an arm of the State of Nevada. *Cantrell v. High Desert State Prison,* No. 2:10-CV-02219-JCM-GWF, 2011 WL 830523, at *2 (D. Nev. Mar. 3, 2011). HDSP is therefore dismissed from this action with prejudice.

However, I deny the remainder of the defendants' summary judgment motion. The defendants argue there is no evidence that P-Seg inmates at HDSP are given fewer opportunities than P-Seg inmates at other institutions or that any disparate results are motivated by a discriminatory intent. Gayler responds that P-Seg inmates at HDSP are commonly classified as general population inmates at other institutions that are designated as protective segregation prisons. As general population inmates at other institutions, those inmates are entitled to more programming and work opportunities, even though they are the same type of inmates (police informants, sex offenders, former gang members, etc.) as P-Seg inmates at HDSP. Gayler also moves for summary judgment on this same basis, arguing the disparate treatment violates equal protection.

The defendants reply that Gayler's response and motion raise a different equal protection claim than what was stated in his complaint and in the screening order. The defendants contend the complaint alleges that P-Seg inmates at HDSP were treated differently than P-Seg inmates at other facilities. The defendants request the opportunity to provide supplemental briefing on Gayler's argument that P-seg inmates at HDSP are treated differently than general population inmates at other institutions who would be classified P-Seg if housed at HDSP, if the Court is inclined to consider that argument.

Pursuant to the screening order, Gayler stated a colorable equal protection claim because he alleged that "P-seg inmates at HDSP are treated differently than P-seg inmates at LCC, NNCC, and WSCC because the HDSP P-seg inmates are denied job, program, and rehabilitation opportunities that are afforded to P-seg inmates at other NDOC institutions." (Dkt. #6 at 5.) The defendants rely on this statement to assert that the relevant comparison is inmates who are

1  classified as P-seg at HDSP and inmates who are classified as P-seg at LCC, NNCC, and WSCC.
2  However, liberally construing Gayler's pro se complaint, he alleges that the relevant classification
3  he was referring to was all security threat group inmates, such as those who have denounced gang
4  membership, have a sex crime conviction, or were an informant. (Dkt. #7 at 3.)  The crux of his
5  complaint is that P-seg inmates at HDSP are treated differently than general population inmates at
6  LCC, NNCC, and WSCC who would be classified as P-Seg if they were housed at HDSP. (Dkt.
7  #7 at 3-4 (alleging that inmates with similar security threat concerns will be housed at different
8  prisons based on their color or former gang affiliation, and will be sent to a prison "that operates
9  P-seg as a general population (G.P.) facility, which includes jobs and multiple rehabilitation
10 programs; or they might be housed at a prison which general population is the majority of
11 inmates" with fewer job and rehabilitation opportunities for P-seg inmates).)
12         Because of the ambiguities in the complaint and the screening order, I will deny the
13 parties' cross-motions for summary judgment and direct them to brief the equal protection claim
14 actually at issue in Gayler's complaint: (1) whether P-seg inmates at HDSP are treated differently
15 than inmates at LCC, NNCC, and WSCC because the HDSP P-seg inmates are denied job,
16 program, and rehabilitation opportunities that are afforded to inmates at LCC, NNCC, and WSCC
17 who would be classified as P-seg if they were incarcerated at HDSP, and, if so, (2) whether that
18 constitutes an equal protection violation.  Additionally, I will refer this matter to the Pilot Pro
19 Bono Program and allow 30 days for the program to seek an attorney willing to be appointed as
20 pro bono counsel for Gayler.
21         IT IS THEREFORE ORDERED that the defendants' motion for summary judgment **(Dkt.
22 #35) is GRANTED in part and DENIED in part**.  The motion is granted as to defendant High
23 Desert State Prison.  The motion is denied in all other respects.
24         IT IS FURTHER ORDERED that the plaintiff's motion for partial summary judgment
25 **(Dkt. #40) is DENIED**.
26         IT IS FURTHER ORDERED that the defendants' motion to strike **(Dkt. #42) is DENIED**
27 as moot.
28

IT IS FURTHER ORDERED that this case is referred to the Pilot Pro Bono Program ("Program") adopted in General Order 2014-01 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as pro bono counsel for plaintiff Brandyn Gayler.  The scope of appointment shall be for all purposes through the conclusion of trial.  By referring this case to the Program, the court is not expressing an opinion as to the merits of the case.

IT IS FURTHER ORDERED that the Clerk shall also forward this order to the Pro Bono Liaison.

IT IS FURTHER ORDERED that if pro bono counsel is appointed within 30 days from entry of this order, summary judgment motions are due 60 days after pro bono counsel is appointed.  If pro bono counsel is not appointed within the next 30 days, then summary judgment motions are due June 17, 2016.

DATED this 18th day of March, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE