UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDYN GAYLER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HIGH DESERT STATE PRISON, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:14-CV-0769-APG-CWH<br><br>**ORDER (1) GRANTING MOTION TO AMEND, (2) DENYING WITHOUT PREJUDICE RENEWED MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE, AND (3) MODIFYING BRIEFING SCHEDULE**<br><br>(ECF Nos. 62, 87, 94) |

　　　　Plaintiff Brandyn Gayler moves to amend his complaint to clarify factual allegations regarding his equal protection claim and to substitute (1) James Dzurenda for formerly named defendant James Cox as the director of the Nevada Department of Corrections (NDOC) and (2) Brian Williams for formerly named defendant Dwight Neven as the warden of High Desert State Prison (HDSP).  The defendants oppose, arguing Gayler has unduly delayed.  The defendants also argue they will be prejudiced because Dzurenda and Williams have not been involved in this lawsuit, were not in their respective positions at the time this lawsuit was filed, and were not involved in the grievance process that preceded the lawsuit.  The defendants also suggest there is bad faith because Gayler's counsel knew or should have known about Dzurenda and Williams becoming the new director and warden long ago.  Finally, they argue amendment would be futile because Dzurenda and Williams had no involvement in implementing the allegedly unconstitutional policy at issue in this lawsuit.  The defendants request that I first resolve the pending summary judgment motion before ruling on the motion to amend.

　　　　　Generally, a plaintiff may amend its complaint "once as a matter of course within . . . 21 days of serving it," or within 21 days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule

15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). I consider five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff has previously amended the complaint. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Whether to grant leave to amend lies within my discretion. *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

There is no evidence of bad faith. Gayler initially filed this action pro se. Pro bono counsel has stepped in and attempted to clarify the allegations and the proper defendants. These same factors affect the delay analysis. Following pro bono counsel's appointment, the parties engaged in discovery and motion practice that have informed the motion to amend. The court recently approved a schedule to reopen discovery and to submit supplemental briefs on the pending motions for summary judgment and to strike. ECF No. 92. Because discovery has been reopened and the briefing on the pending motions will not be completed until mid-September, amendment will not unduly delay the case nor are the defendants prejudiced by amendment. The prior efforts at amending were not substantive and were prior to counsel's appointment. ECF Nos. 16, 25.

The only question is whether the substitution of defendants Dzurenda and Williams is futile. In terms of official capacity claims for injunctive or declaratory relief, the substitution of Dzurenda and Williams for Cox and Neven is automatic under Federal Rule of Civil Procedure 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party."). There is nothing before me that suggests the policy about which Gayler complains has been changed so the controversy is not moot. *See Spomer v. Littleton*, 414 U.S. 514 (1974); *Mayor of Philadelphia v. Educational Equality League*, 415 U.S. 605 (1974).

However, Gayler also seeks monetary damages against Dzurenda and Williams in the proposed amended complaint. ECF No. 94-1 at 12. NDOC is an arm of the state of Nevada and

1  thus Dzurenda and Williams are state officials. *Black v. Nevada Dep't of Corr.*, 2:09-cv-02343-
2  PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June 21, 2010).  A state official sued in his or her
3  official capacity for monetary damages is not a person subject to suit under 42 U.S.C. § 1983.
4  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, Gayler cannot recover
5  monetary damages against Dzurenda and Williams sued in their official capacities under § 1983.
6  Other than this clarification, the amended complaint is not futile.  I therefore will grant Gayler's
7  motion to amend.

8      I decline to defer consideration of the motion to amend until after I rule on the motion for
9  summary judgment.  The parties have agreed to extend the briefing schedule on that matter into
10 September.  Waiting until then to decide the motion to amend would only prolong the
11 proceedings.  In light of the amended complaint and the potential for new information uncovered
12 during the reopened discovery period, rather than have the parties file supplemental briefs the
13 better course is to deny the pending motion for summary judgment and related motion to strike
14 without prejudice and enter a new briefing schedule for summary judgment following the close of
15 discovery.

16     IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend the complaint
17 **(ECF No. 94) is GRANTED**.  Pursuant to Local Rule LR 15-1(b), within 10 days of the date of
18 this order plaintiff Brandyn Gayler shall file and serve the amended complaint that is attached to
19 his motion.

20     IT IS FURTHER ORDERED that the defendants' renewed motion for summary judgment
21 **(ECF No. 62) is DENIED** without prejudice.

22     IT IS FURTHER ORDERED that the plaintiff's motion to strike **(ECF No. 87) is**
23 **DENIED** without prejudice.

24     IT IS FURTHER ORDERED that the scheduling order **(ECF No. 92) is modified as**
25 **follows**:

26     The deadlines for supplemental briefing on the motion for summary judgment and motion
27 to strike are vacated.

28

The deadline to file motions for summary judgment is July 31, 2017 with a normal briefing schedule to follow.

The deadline for the joint pre-trial order remains at 30 days after the court rules on any dispositive motions.

DATED this 24th day of March, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE