# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRENDYN GAYLER,

    Plaintiff,

v.

HIGH DESERT STATE PRISON, et al,

    Defendants.

Case No. 2:14-cv-00769-APG-CWH

**ORDER**

Presently before the Court is pro se Movant Charles Wirth's motion to join as plaintiff (ECF No. 103), filed on April 17, 2017. Defendants filed a response (ECF No. 104) on May 3, 2017. Wirth has not filed a reply.

Wirth seeks leave of the Court to join this case as a co-Plaintiff, arguing that his case has the same basic facts as Plaintiff Brendyn Gayler's claim against Defendants, and that to join his claims would be in the interest of justice and efficiency. Defendants oppose the motion, arguing that Plaintiff's action is already two years old, that Wirth's claim is devoid of any factual allegations and would therefore not survive screening, that there are significant factual differences between Plaintiff's and Wirth's claims, and that the logistical difficulties of Wirth, an incarcerated pro se party, proceeding in a claim along with Plaintiff, a represented party, while both are housed at separate facilities, would overcome any benefits to joining them as parties.

Rule 20(a) of the Federal Rules of Civil Procedure allows for the joinder of new parties to an existing case. However, two specific requirements must be met: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). Further, "a trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of

fundamental fairness." *Id.* These factors include: "the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action." *Id.* A court may deny a motion for permissive joinder if it finds that it would be inconsistent with the principles of fundamental fairness, or would result in prejudice to a party. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000).

Here, Wirth asserts that his claim is "exactly like" Plaintiff's, but the Court finds significant differences in their situations. Both Plaintiff and Wirth claim that they have been unfairly denied certain benefits and privileges during their incarceration because they have been held in segregation. However, Plaintiff has been held only in voluntary protective segregation at High Desert State Prison. In contrast, Wirth has been held in both voluntary protective segregation and involuntary administrative segregation, at times at High Desert State Prison, but also while at Lovelock Correctional Center. Determining what harms Plaintiff and Wirth have suffered, if any, will therefore require significantly different avenues of investigation.

Moreover, Wirth's status as an incarcerated pro se party would create significant burdens on both Plaintiff and Defendants, since Wirth would be unable to participate in the litigation in the same manner or pace as the represented parties. As this case has been in progress for more than two years, it is likely that adding Wirth as a plaintiff would substantially delay the final outcome, creating prejudice for both Plaintiff and Defendants. The Court therefore finds significant prejudice would accrue to all current parties if Wirth were joined as a plaintiff to this action. The Court notes that Wirth may pursue his claim against Defendants on an individual basis, if he so chooses, but that he will not be included as a party to the present case brought by Plaintiff Brandyn Gayler.

//
//
//
//

IT IS THEREFORE ORDERED that Movant Worth's motion to join as plaintiff (ECF No. 103) is DENIED.

IT IS FURTHER ORDERED that in light of the Court's decision on the motion to join as plaintiff, Movant Wirth's application to proceed *in forma pauperis* (ECF No. 103-2) is DENIED as moot.

DATED: May 19, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge