# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

BRANDYN GAYLER,

    Plaintiff,

v.

HIGH DESERT STATE PRISON, et al.,

    Defendants.

Case No. 2:14-cv-00769-APG-CWF

**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

(ECF No. 110)

Plaintiff Brandyn Gayler sues James Dzurenda, Brian E. Williams, Jerry Howell, and Jennifer Nash for violating his equal protection rights while incarcerated at High Desert State Prison (HDSP). He alleges that, as a protective segregation (P-Seg) inmate at HDSP, he is not given the same educational, vocational, and employment opportunities as similarly-situated inmates at Lovelock Correctional Center (LCC), another Nevada Department of Corrections (NDOC) prison.

The defendants move for summary judgment on all of Gayler's claims. I grant the motion on the claims against them in their individual capacities and on Gayler's demand for monetary damages. I order supplemental briefing on whether Gayler's request for injunctive relief is moot.

## I.    <u>INDIVIDUAL CAPACITY CLAIMS</u>

Dzurenda is the Director of NDOC. Williams is the Warden of HDSP. Howell and Nash are associate wardens at HDSP. Gayler's amended complaint does not clearly specify whether these defendants are named in their official capacities, individual capacities, or both. However, the complaint seeks monetary damages, as well as injunctive relief. The defendants argue that they can be sued only in their official capacities, and therefore monetary damages cannot be awarded against them. They also contend that Gayler has not shown that they were personally involved in the constitutional violations he alleges, and they are therefore entitled to relief in their individual capacities. Alternatively, the defendants argue they are entitled to qualified immunity.

A state official sued in his or her official capacity for monetary damages is not a person subject to suit under 42 U.S.C. § 1983.[1]  Therefore, a plaintiff may sue state actors in their official capacities only for injunctive relief.  To bring an individual capacity suit against a state official (and seek monetary damages), a plaintiff must allege personal involvement in the alleged constitutional violation.[2]  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."[3]

Gayler concedes that he cannot attain monetary damages against Dzurenda and Williams in their official capacities pursuant to my previous order.[4]  He does not argue that I should treat Howell and Nash any differently, and I see no basis to—all of the allegations against the four defendants are the same.  Further, Gayler does not refute the defendants' argument that they were not personally involved in denying him educational, vocational, and employment opportunities, and there is no evidence in the record that any of them was.  So I grant the defendants' motion for summary judgment on both Gayler's claims against them in their individual capacities and his request for monetary damages against them in their official capacities.

## II. OFFICIAL CAPACITY CLAIMS

Gayler seeks injunctive relief from the unequal treatment he alleges he is receiving at HDSP as a P-Seg inmate.  The record reflects that Gayler was approved to transfer to LCC as a "close custody protective segregation" inmate in 2015.  In October 2016, Plaintiff was accepted to the "Structured Living Program" at LCC and "signed a PSU waiver requesting to be released from PSU & housed in [general population] at LCC."[5]  Gayler's transfer to LCC had not yet

---

[1] *Will v. Dep't of State Police*, 491 U.S. 58, 71 (1989).

[2] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

[3] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

[4] *See* ECF No. 100 at 2.

[5] ECF Nos. 122-1 at 5; 120-3 at 2 (protective segregation waiver).

occurred when the defendants filed their reply in support of their motion.[6]  However, it has come to the court's attention that Gayler may, in fact, have been transferred to LCC while the renewed summary judgment motion was pending.  It therefore appears that (1) Gayler's voluntary withdrawal from P-Seg, and (2) his transfer to LCC may have mooted his claims for injunctive relief.[7]

I therefore order the parties to submit supplemental briefs of no more than five pages addressing whether Gayler's case is moot either as a result of his removal from P-Seg or his transfer to LCC.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment **(ECF No. 110) is GRANTED IN PART**.  The plaintiff may not seek monetary damages against the named defendants in their individual or official capacities.

IT IS FURTHER ORDERED that the parties must file supplemental briefing consistent with this order **on or before March 29, 2018**.

DATED this 19th day of March, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[6] *See* ECF No. 120 at 5.

[7] In their reply, the defendants argue that the case is moot because Gayler voluntarily requested to leave P-Seg. ECF No. 120 at 5.  I decline to consider this argument at this time, as it was raised for the first time in the reply brief. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non]-movant an opportunity to respond."); *see also Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 924 (9th Cir. 1988) ("It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs.")  Instead, I order both parties to fully brief that issue.