# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

BRANDYN GAYLER,

Plaintiff,

v.

HIGH DESERT STATE PRISON, et al.,

Defendants.

Case No. 2:14-cv-00769-APG-CWF

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

(ECF No. 110)

Plaintiff Brandyn Gayler sues James Dzurenda, Brian E. Williams, Jerry Howell, and Jennifer Nash for violating his equal protection rights while incarcerated at High Desert State Prison (HDSP). He alleges that, as a protective segregation (P-Seg) inmate at HDSP, he is not given the same educational, vocational, and employment opportunities as similarly situated inmates at Lovelock Correctional Center (LCC), another Nevada Department of Corrections (NDOC) prison.[1]

The defendants move for summary judgment on all of Gayler's claims. I previously granted judgment in the defendants' favor for the claims against them in their individual capacities and on Gayler's demand for monetary damages. Because Gayler voluntarily removed himself from P-Seg status and appeared to have transferred to LCC, I ordered supplemental briefing on whether Gayler's request for injunctive relief is moot. I now grant the remaining portion of the defendants' summary judgment motion because Gayler's requests for injunctive and declaratory relief are moot.

## I.    DISCUSSION

Gayler voluntarily removed himself from P-Seg status on October 25, 2016 so he could participate in LCC's "Structured Living Program" (SLP).[2] SLP is a six-month program that

---

[1] ECF No. 101 (amended complaint).

[2] *See* ECF No. 120-3 at 2.

1 provides "opportunities for inmates to earn Merit Credits, attend classes, programs, education,

2 attain jobs, and participate in physical fitness training."[3] He transferred to LCC in October 2017,

3 was reclassified from close- to medium-custody status, and was placed in general population/SLP

4 housing.[4] The Associate Warden of LCC provided a sworn declaration stating that Gayler is

5 doing well at LCC.[5] She also declared that there is not a reasonable likelihood that Gayler will be

6 removed from LCC and transferred back to HDSP.[6] The defendants contend that Gayler's

7 voluntary waiver of P-Seg status in October 2016 and his transfer to LCC in October 2017

8 mooted his claims because those claims are based solely on the conditions of confinement in

9 HDSP's P-Seg housing.

10       "Mootness is, of course, a threshold jurisdictional issue" that federal courts have an

11 independent obligation to address.[7] Gayler's equal protection claim is moot if "the issues

12 presented are no longer live or the parties lack a legally cognizable interest in the outcome."[8]

13 There are exceptions to the mootness doctrine. First, I generally should not dismiss a case as

14 moot "if the defendant voluntarily ceases the allegedly improper behavior in response to a suit,

15 but is free to return to it at any time."[9] However, "where there is no reasonable . . . expectation

16 that the alleged violation will recur, and where interim relief or events have completely and

17

18

---

19    [3] ECF No. 127 at 2 (citing http://doc.nv.gov/Facilities/LCC_Facility/).

20    [4] ECF No. 129.

   [5] ECF No. 128-1.

21    [6] *Id.*

22    [7] *Sea-Land Serv., Inc. v. International Longshoremen's & Warehousemen's Union*, 939 F.2d 866, 871 (9th Cir. 1991); *see also S. Or. Barter Fair v. Jackson Cnty., Oregon*, 372 F.3d 1128, 1133 n.8 (9th

23 Cir. 2004) ("[M]ootness goes to the court's power to hear the case[] and therefore may be raised at any time by the parties, or even sua sponte by the court under its independent obligation to ensure that it has

24 authority under Article III.").

25    [8] *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007) (quotation omitted); *see also U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (describing mootness as

26 having a standing component through time, because the "requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)" (quotation

27 omitted)).

   [9] *Outdoor Media Group, Inc.*, 506 F.3d at 900–01 (quotation omitted).

28

1   irrevocably eradicated the effects of the alleged violation, the case is moot."[10]  Second, if the

2   underlying conduct is capable of repetition yet evading review, the case may not be moot.  This

3   limited exception applies "when (1) the challenged action is too short in duration to be fully

4   litigated before cessation or expiration, and (2) there is a reasonable expectation that the same

5   complaining party will be subjected to the same action again."[11]  If Gayler's equal protection

6   claim is moot and no exception applies, I lack jurisdiction to consider it.[12]

7           "When a prisoner is moved from a prison, his action will usually become moot as to the

8   conditions at that particular facility."[13]  If a prisoner is no longer subject to the allegedly

9   unconstitutional conditions, he is no longer able to pursue claims for injunctive or declaratory

10  relief.[14]  Because Gayler is no longer in HDSP's custody and is no longer housed in P-Seg, he no

11  longer has a legally cognizable interest in his equal protection claim.

12          Gayler contends that the capable-of-repetition-yet-evading-review exception applies to his

13  claims.[15]  He argues that because SLP is a six-month program, he faces the possibility of being

14  transferred back to HDSP's P-Seg housing after he completes the program.[16]  Gayler also notes

15  that LCC is at 193% capacity, and argues that the prison's overcrowding makes it unlikely that he

16

---

17  [10] *Am. Cargo Transport, Inc. v. United States*, 625 F.3d 1176, 1179 (9th Cir. 2010) (internal
18  quotation marks and citation omitted).

    [11] *Bernhardt v. Cnty. of L.A.*, 279 F.3d 862, 871–72 (9th Cir. 2002) (quotation omitted).
19
    [12] *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009).

20  [13] *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001); *see also Johnson v. Moore*, 948 F.2d 517,
21  519 (9th Cir. 1991); *Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005); *Dilley v. Gunn*, 64 F.3d
    1365, 1368 (9th Cir. 1995).

22  [14] *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (citing *Incumaa v. Ozmint*, 507 F.3d 281,
23  286-87 (4th Cir. 2007) ("Once an inmate is removed from the environment in which he is subjected to the
    challenged policy or practice, absent a claim of damages, he no longer has a legally cognizable interest in a
24  judicial decision on the merits of his claim.  Any declaratory or injunctive relief order in the inmate's favor
    in such situations would have no practical impact on the inmate's rights and would not redress in any way
25  the injury he originally asserted.")

26  [15] The voluntary cessation exception does not apply to these facts, as the defendants have not acted
    in any way to intentionally moot the case.  They transferred Gayler to LCC per his own request.

27  [16] Gayler contends that if he is transferred back to HDSP he will voluntarily request P-Seg housing
    because of his prior gang affiliation and convicted sex offender status.  I have no reason to doubt that
28  assertion, and assume that if he was transferred to HDSP, he would return to P-Seg.

1  will stay there once his program ends. Gayler argues that HDSP is at 177% capacity and is

2  designed to hold more inmates, so he likely would be transferred there if he is transferred from

3  LCC.[17]

4       Gayler's contention that he will be transferred back to HDSP because of LCC's

5  overcrowding is purely speculative. LCC's associate warden has contradicted Gayler's

6  speculation by declaring that inmates are not generally transferred from LCC and, based on

7  Gayler's success at LCC and his current classification level, she has no reason to believe that he

8  will be transferred to HDSP or any other prison. So Gayler cannot demonstrate any reasonable

9  expectation that he will be transferred back to HDSP, and therefore cannot show that the

10  conditions he faced at HDSP are reasonably capable of repetition.

11       Further, Gayler does not present any argument or evidence demonstrating that the duration

12  of the challenged action is too short to be litigated before he would be transferred or otherwise

13  removed from HDSP's custody. If Gayler is transferred back to HDSP and voluntarily requests

14  P-Seg housing, there is nothing stopping him from reasserting these claims and fully litigating

15  them. Indeed, the only reason Gayler was removed from HDSP at this time was his request to be

16  transferred. There is no evidence indicating he would have otherwise been moved, and he could

17  have continued to litigate his claim if not for his successful transfer request. Other prisoners in

18  HDSP's P-Seg housing may also assert the same claim raised by Gayler, and would likely have

19  sufficient time to litigate the adequacy of P-Seg's educational, vocational, and employment

20  opportunities.[18] So it cannot be said that these conditions of confinement are of such a limited

21  duration as to evade review. Consequently, Gayler's claims requesting injunctive and declaratory

22  relief regarding the conditions facing him as an HDSP P-Seg inmate are moot. As I have already

23  granted judgment for the defendants on Gayler's claims requesting monetary damages, there is

24  nothing left of this case and it must be closed.

25

26       [17] See ECF No. 127 at 4.

27       [18] See Wiggins v. Rushen, 760 F.2d 1009, 1011 (9th Cir. 1985) (reasoning that the ability of other prisoners to fully litigate the same claims demonstrates that the issue is not of the type that consistently evades review).

28

## II.   **CONCLUSION**

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment **(ECF No. 110) is GRANTED.** Gayler's claims for injunctive and declaratory relief are dismissed as moot.

The clerk of court is directed to enter judgment in favor of defendants James Dzurenda, Brian E. Williams, Jerry Howell, and Jennifer Nash on the claims against them in their individual capacities and on Gayler's claims for monetary damages and to close this case.

DATED this 4th day of April, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE